# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: POULOPOULOS, ARTHUR K.<br>SSN: xxx-xx-4824<br>Debtor(s) | Chapter 13<br>Case No. 25-12300-CJP |

## TRUSTEE'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's amended Chapter 13 Plan, (the "Plan"), and for reasons says as follows:

1. The Debtor filed a Chapter 13 petition for bankruptcy relief on October 27, 2025.

2. On December 10, 2025, the Trustee convened and presided at a Section 341 Meeting of Creditors wherein the Debtor appeared with Counsel was sworn and examined.

3. The Debtor filed the Plan on December 10, 2025. The Trustee is unable to recommend confirmation at this time.

4. In Part 2.A. Plan Length and Payments: the Debtor checks the box '*60 Months 11 U.S.C. subsection 1325(b)(4)(a)(ii)*'. However, review of the 122C Form shows the Debtor is '*below median*'. Therefore, the box '*Months. 11 U.S.C. subsection 1322(d)(2)*' should be checked and a Statement of Cause should be provided. The Trustee asserts that the Debtor failed to provide a Statement of Cause in support of the 60 month term.

5. In Part 3.A.(1)(b) Secured Claim(s) (Other): the Debtor lists the claim of the Mass. Dept. of Revenue (MDOR) with respect to a tax lien in the sum of $22,990.29. However, review of the Court's Claims Register evidences that on November 12, 2025 a proof of claim (# 1-1) was filed by the MDOR for total a total amount of $3,171.22 with $554.67 classified as secured, $349.50 classified as priority, and $2,267.05 classified as unsecured. The Debtor fails to provide treatment for the priority portion of the claim in Part 4.B. of the Plan. The Plan is inconsistent with claim(s) filed. Additionally, the Debtor should list the MDOR under Part 3.A.(1)(a) Secured Claim(s) (Principal Residence) as it appears to pertain to the Debtor's principal residence located at 5 Whiffletree Lane, Georgetown, MA.

6. Further review of Part 3.A.(1)(b), the Debtor has impermissibly modified the formatting in regards to Georgetown Light. It also appears that Georgetown Light should be treated in Part 3.A.(1)(a) as it appears to pertain to the Debtor's principal residence located at 5 Whiffletree Lane, Georgetown, MA.

7. Review of Part 4.A. Domestic Support Obligation: the Debtor lists *'Ex-wife'* in the amount of $970.00. The Debtor needs to provide a name for the creditor and furthermore, the Debtor fails to provide for this debt in Schedule E/F. It is unclear whether proper notice has been given to the *'Ex-wife'*.

8. In Part 5 of the Plan, the Debtor has proposed to pay Unsecured claims a *'Fixed Percentage'* of 0%. However, review of Exhibit 2 Liquidation Analysis shows that the total available in a Chapter 7 would amount to $287.00. Based upon this figure, the Debtor needs to guarantee a *'Fixed Amount'* of $287.00 to satisfy the best interest test.

9. The Trustee is unable to determine if the Plan as proposed satisfies the best interest of creditors test set forth in 11 U.S.C. sec. 1325 (a)(4). The Debtor's Exhibit 2 Liquidation Analysis is inconsistent with the Debtor's amended Schedule A/B and Schedule C. In Exhibit 2, the Debtor lists real property located at 5 Whiffletree Lane, Georgetown, MA and claims and exemption of $1,000,000.00. However, review of the amended Schedule A/B the Debtor checks *'No'* for *'Do you own or have any legal or equitable interest in any residence, building, land, or similar property."* Further the amended Schedule C shows no real property or exemption for $1,000,000.00 and checks *'No'* to the question *'Are you claiming a homestead exemption of more than $214,000.'* The Debtor also fails to include the Bank of America checking account in Schedule A/B, which is listed in Exhibit 2.

10. Additional review of amended Schedule A/B, the Debtor has listed the *'Furniture, Assorted Household Goods and Personal Items'* in the wrong section. The Debtor has listed them under Section 11 *'Clothes'* and should be listed under Section 6 *'Household goods and furnishing'*.

11. The Debtor has miscalculated the Plan payment in Exhibit 1. Exhibit 1 line a) fails to provide for the claim amounts of the MDOR and Georgetown Lighting. Exhibit 1 line b) fails to provide for the child support arrears. Exhibit 1 line c) fails to provide for the administrative claim. When factoring all the omitted claim amounts, the Plan payment would be $7,591.00 and not $7,460.00. Furthermore, the Debtor's Schedule J fails to show the Debtor can properly fund the Plan. The Debtor's Schedule J shows a monthly net income of $4,369.00. When factoring the properly calculated Plan payment, the Debtor's net monthly income would be negative $3,222.00. The Trustee asserts the Plan is therefore non-feasible at this time.

12. The Debtor's Statement of Financial Affairs has not been properly completed. The Debtor fails to list income for 2 years before filing. The Trustee is unable to determine if the proposed Plan is feasible and meets the best efforts test of 11 U.S.C. sec. 1325 (b)(1)(B) at this time.

WHEREFORE, the Trustee requests that the Court sustain the objection to confirmation and for such other relief as is proper.

Dated: December 12, 2025        Respectfully submitted,
                                Carolyn A. Bankowski
                                Standing Chapter 13 Trustee
                                By: **/s/ Carolyn A. Bankowski**
                                Carolyn A. Bankowski, BBO# 631056
                                Patricia A. Remer, BBO #639594
                                Office of the Chapter 13 Trustee
                                PO Box 8250
                                Boston, MA  02114-0033
                                (617) 723-1313
                                13Trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** POULOPOULOS, ARTHUR K.<br>SSN: xxx-xx-4824<br>**Debtor(s)** | Chapter 13<br>Case No. 25-12300-CJP |

**Certificate of Service**

The undersigned hereby certifies that on <u>December 12, 2025</u>, a copy of the Trustee's Objection to Debtor's Chapter 13 Plan was served via electronic filing, first class mail, postage prepaid on the debtor and debtor's counsel at the addresses set forth below.

Arthur K. Poulopoulos
5 Whiffletree Lane
Georgetown, MA 01833

Michael Ready Treanor, Jr., Esq.
Treanor Law Offices
160 Riverside Boulevard, Suite 5B
New York, NY 10069

By: **/s/ Carolyn A. Bankowski**
　　　Carolyn A. Bankowski